EILEEN M. DECKER
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4600
     Facsimile: (213) 894-0115
     E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>        Plaintiff,<br><br>        v.<br><br>Fariba Ely Cohen,<br><br>        Defendant. | Case No.  2:17-CV-1652<br><br>Complaint to reduce FBAR penalty to judgment<br><br>[Exhibits redacted to exclude Personal Identifiers pursuant to Fed. R. Civ. Proc. 5.2 and Local Rule 5.2-1] |

The United States of America, by its undersigned counsel, brings this civil action to collect an unpaid federal penalty assessment, interest thereon, and late payment penalty as provided by law, and to reduce such assessments to judgment.  For its complaint against the above named defendant, the United States of America complains and alleges as follows.

<strong>I. General Allegations</strong>

**A. Jurisdiction and Venue**

1.      This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345, and 1355(a) because this action arises under the laws of the United States and because the United States is the plaintiff.

2.      This action is commenced at the direction of the Attorney General of the United States and at the request of, and with the authorization of, the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury of the United States, pursuant to 31 U.S.C. § 3711(g)(4)(C), and in accordance with 31 U.S.C. § 5321(b)(2).

3.      Venue for this action is within the Central District of California under 28 U.S.C. §§ 1391(b)(1) and (b)(2) because the defendant resides in this district and because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

**B. Statutory and regulatory provisions for the FBAR penalty.**

4.      Federal law requires every resident or citizen of the United States who has "a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country" to report that relationship to the Department of the Treasury annually. 31 C.F.R. § 1010.350(a); 31 U.S.C. § 5314(a).

5.      A United States citizen that causes an entity to be created for a purpose of evading 31 C.F.R. § 1010.350, shall have a financial interest in any bank, securities, or other financial account in a foreign country for which the entity is the owner of record or holder of legal title.  31 C.F.R. § 1010.350(e)(3).

6.     Under the implementing regulations, a person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR." 31 C.F.R. § 1010.350(a).

7.     The FBAR is due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).

8.     Penalties can be assessed against an individual who either willfully or non-willfully fails to comply with these reporting requirements.  31 U.S.C. § 5321(a)(5)(A).

9.     For willful violations involving the failure to report the existence of a foreign financial account, the amount of the penalty is the greater of $100,000 or 50% of the balance in the account at the time of the violation.  31 U.S.C. §§ 5321(a)(5)(B)(i), (C)(i), and (D)(ii).

## II. Claim for Relief: Reduce Assessments to Judgment

10.     The allegations made in the preceding paragraphs in this complaint are incorporated herein by reference.

**A. Fariba Cohen is and was a citizen of the United States**

11.     Fariba Cohen is a United States citizen.

12.     From January 1, 2008 to June 30, 2009, Fariba Cohen was a United States citizen.

**B. Fariba Cohen had financial interests in foreign bank accounts during 2008 that exceeded $10,000**

**Israel Discount Bank**

13.     During the year 2008, Fariba Cohen had a foreign bank account with Israel Discount Bank with an account number ending in 0262.

14.     The mailing address of the financial institution in which the Israel Discount Bank account was held was 33rd Floor, Azrieli Ctr., Tel Aviv, Israel.

15.     The Israel Discount Bank with an account number ending in 0262 was jointly held with her spouse Saeed Cohen.

3

16.     During the year 2008, the Israel Discount Bank account with an account number ending in 0262 had a maximum value of $1,093,373.

**Leumi Bank**

17.     During the year 2008, Fariba Cohen had signature authority for a foreign bank account with Leumi Bank – Luxembourg S.A. (also known as Bank Leumi) with an account number ending in 6002.

18.     The mailing address of the financial institution in which the Leumi Bank account was held was 6D route de Treves, Senningerberg, L-2633, Luxembourg.

19.     The Leumi Bank account with an account number ending in 6002 was held in the name of L&C Lighting Technology, Ltd.

20.     During the year 2008, Fariba Cohen was a Director for L&C Lighting Technology, Ltd.

21.     During the year 2008, the Leumi Bank account with an account number ending in 6002 had a maximum value of $14,123,172.

**RBS Coutts AG**

22.     During the year 2008, Fariba Cohen had signature authority for a foreign bank account with RBS Coutts AG with an account number ending in 2300.

23.     The mailing address of the financial institution in which the RBS Coutts AG account was held was Stauffacherstrasse 1 Postfach, Zurich, CH-8022, Switzerland.

24.     The RBS Coutts AG account with an account number ending in 2300 was held in the name of L&C Lighting Technology, Ltd.

25.     During the year 2008, Fariba Cohen was a Director for L&C Lighting Technology, Ltd.

26.     During the year 2008, the RBS Coutts AG account with an account number ending in 2300 had a maximum value of $2,839,899.

**Union Bancaire Privee**

27.     During the year 2008, Fariba Cohen had signature authority for a foreign bank account with Union Bancaire Privee with an account number ending in 4169.

28.     The mailing address of the financial institution in which the Union Bancaire Privee account was held was 96-98 rue de Rhone, Geneva, Switzerland.

29.     The Union Bancaire Privee account with an account number ending in 4169 was held in the name of Liform Lite Industrial Co., Ltd.

30.     During the year 2008, Fariba Cohen was a Director for Liform Lite Industrial Co., Ltd.

31.     During the year 2008, the Union Bancaire Privee account with an account number ending in 4169 had a maximum value of $2,336,899.

**C. Fariba Cohen failed to timely disclose the existence of the foreign bank account**

32.     For tax year 2008, Fariba Cohen did not timely an FBAR.

33.     On September 10, 2011, Fariba Cohen filed a delinquent FBAR for tax year 2008.

**D. Fariba Cohen willfully failed to timely file the 2008 FBAR report with the IRS**

      **Underreported Taxes and Failure to Timely File FBAR Reports**

34.     Fariba Cohen married Saeed Cohen on November 19, 1989.

35.     For tax years 2003 through 2008, Fariba Cohen and Saeed Cohen filed joint federal income tax returns.

36.     For tax years 2003 through 2008, Fariba Cohen and Saeed Cohen had their federal income tax returns prepared prepared by Hamid Fani, CPA.

37.     For tax years 2003 through 2008, Hamid Fani or his staff contacted Fariba Cohen by phone to discuss her income for each of those years.

38.     For tax years 2003 through 2008, Fariba Cohen's income tax returns omitted significant amounts of foreign-earned income.

39.     For tax years 2003 through 2008, Fariba Cohen's income tax returns significantly understated her tax liabilities.

40.     For tax years 2003 through 2008, Schedule B of Fariba Cohen's income tax returns represented that she did not own or have signature authority over any foreign accounts on Line 7a of Schedule B.

41.     For tax years 2003 through 2008, neither Fariba Cohen nor Saeed Cohen filed timely FBARs.

42.     On October 27, 2008, Fariba Cohen filed a petition for dissolution of marriage in the Los Angeles Superior Court, case number BD495060.

43.     In 2010, Fariba Cohen and Saeed Cohen separated.

44.     In 2011, after Fariba Cohen and Saeed Cohen separated, he participated in a disclosure and settlement program, the Offshore Voluntary Disclosure Initiative (OVDI).  *See In re Saeed Cohen*, case number 2:13-bk-26483-NB, document number 692, page 4, lines 12-13.

45.     Saeed Cohen filed amended joint returns for tax years 2003 through 2008, which included previously unreported income from foreign accounts.

46.     The following is a summary, by tax year, of the income tax initially reported by Fariba Cohen and Saeed Cohen, the corrected tax liability that Saeed Cohen subsequently reported on amended joint returns, and the amount of underreported tax (also known as the deficiency).

| Tax Year | Tax Reported on Form 1040 | Corrected Tax Reported on Form 1040X | Deficiency |
|---|---|---|---|
| 2003 | $    436,544 | $  3,161,393 | $  2,724,849 |
| 2004 | $    536,447 | $  3,327,345 | $  2,790,898 |
| 2005 | $ 1,012,951 | $  4,410,081 | $  3,397,130 |
| 2006 | $ 1,101,241 | $  4,418,368 | $  3,317,127 |
| 2007 | $ 1,018,850 | $  4,460,592 | $  3,441,742 |
| 2008 | $    523,444 | $  3,643,193 | $  3,119,749 |
|  | $ 4,629,477 | $ 23,420,972 | $ 18,791,495 |

**Late filed FBARs from Fariba Cohen**

47.     Fariba Cohen submitted a separate offshore voluntary disclosure application and was accepted into the 2011 OVDI.

48.     On September 10, 2011, Fariba Cohen filed delinquent FBARs for tax years 2006 through 2008 that disclosed that she owned or had signature authority for various foreign bank accounts, including an account with Leumi Bank – Luxembourg S.A., with an account number ending in 6002.

49.     The following is a summary of the foreign banks disclosed by Fariba Cohen on her FBARs for tax years 2006 through 2008 and the maximum value reported for each account:

| Bank (Country) | Account Number (Last 4) | Owner | 2006 | 2007 | 2008 |
|---|---|---|---|---|---|
| Leumi Bank (Luxembourg) | 6002 | L&C Lighting Technology Ltd. | $ 11,686,281 | $ 13,885,847 | $ 14,123,172 |
| Bank Hapoalim (Israel) | 4574 | Fabria and Saeed Cohen | $ 1,711,005 | $ 4,754,506 | Closed |
| Israel Discount Bank (Israel) | 0262 | Fabria and Saeed Cohen | $ 866,727 | $ 896,883 | $ 1,093,373 |
| RBS Coutts Bank AG (Switzerland) | 2300 | L&C Lighting Technology Ltd. | $ 2,611,645 | $ 2,782,294 | $ 2,839,899 |
| Unioin Bancaire Privee (Switzerland) | 4169 | Liform Lite Industrial Co., Ltd. | $ 2,195,442 | $ 2,304,565 | $ 2,336,899 |

50.     Attached as **Exhibit 1** is a copy of the FBAR for tax year 2006.

51.     Attached as **Exhibit 2** is a copy of the FBAR for tax year 2007.

52.     Attached as **Exhibit 3** is a copy of the FBAR for tax year 2008.

53.     In December 2011, Fariba Cohen initially requested to voluntarily withdraw from the 2011 OVDI program, and on July 3, 2012 her request was approved by the IRS.

**Educational Background**

54.     Fariba Cohen holds an associate's degree in biology.

55.     Fariba Cohen attended the University of Southern California for over 3 years, majoring in biomedical engineering.

56.     Since 1987, Fariba Cohen has been self-employed, selling insurance policies as a licensed insurance agent affiliated with State Farm Insurance.

**Foreign corporation L&C Lighting Technology Ltd.**

57.     In 2004, attorney Fred Mashian assisted Fariba Cohen and Saeed Cohen in creating L&C Lighting Technology Ltd.

58.     L&C Lighting Technology Ltd. was incorporated under the laws of Samoa.

59.     In 2004, Fred Mashian explained to Fariba Cohen the FBAR filing requirement.

60.     In 2004, Fariba Cohen knew that she was required to file an FBAR with the IRS if she owned, controlled, or had signature authority over a foreign bank account with a balance of over $10,000.

61.     Fariba Cohen was on the board of directors of L&C Lighting Technology Ltd.

62.     Attached as **Exhibit 4** is a copy of the Letter signed by Fariba Cohen consenting to act as Director of L&C Lighting Technology Ltd.

63.     Fariba Cohen was an officer of L&C Lighting Technology Ltd.

64.     Fariba Cohen was the Secretary of L&C Lighting Technology Ltd.

65.     Attached as **Exhibit 5** is a copy of the Resolution by the Directors of L&C Lighting Technology Ltd. dated Nonmember 12, 2004, to appoint Fariba Cohen as Secretary of the company, signed by Fariba Cohen as Director.

66.     Attached as **Exhibit 6** is a copy of the letter signed by Fariba Cohen consenting to act as Secretary of L&C Lighting Technology Ltd.

67.     After L&C Lighting Technology Ltd. was formed, Fariba Cohen and Saeed Cohen were equal shareholders.

68.     Saeed Cohen owned 50% of the stock of L&C Lighting Technology Ltd.

8

69.     Fariba Cohen owned 50% of the stock of L&C Lighting Technology Ltd.

70.     Attached as **Exhibit 7** is a copy of the Resolution by the Directors of L&C Lighting Technology Ltd. dated November 12, 2004, to allocate Fariba Cohen fives shares.

71.     Attached as **Exhibit 8** is a copy of the Share Certificate dated November 12, 2004 indicating that Fariba Cohen was the registered holder of five shares of L&C Lighting Technology Ltd.

72.     On December 3, 2004, there was a corporate resolution for L&C Lighting Technology Ltd. signed by Fariba Cohen to open a foreign bank account.

73.     Attached as **Exhibit 9** is a copy of the Resolution by the Directors of L&C Lighting Technology Ltd. dated December 3, 2004, to open an account with Union Bancaire Privee, Geneva Branch, under the name L&C Lighting Technology Ltd.

74.     On March 2, 2015, Fariba Cohen signed an application to open a foreign bank account at Union Bancaire Privee.

75.     Attached as **Exhibit 10** is a copy of the document stating that on January 5, 2005, the Board of Directors of L&C Lighting Technology Ltd. met and resolved to open a bank account with Bank Leumi (Luxembourg) S.A. on behalf of the company, grant power of attorney to Fariba and Saeed Cohen to sign the necessary application documents, and designate and appoint Fariba and Saeed Cohen to operate the account under their individual signatures.  The document was dated March 2, 2005 and signed by Farideh Zaker on behalf of Bank Leumi.

76.     On February 3, 2005, Fred Mashin sent a letter to Fariba and Saeed Cohen referring to L&C Lighting Technology and advising that "[a]s I have indicated to you earlier, you will be required to report the activities of this company and file various information returns as well as income tax returns and forms for both U.S. Federal Tax purposes as well as State of California.  I strongly recommend that you contact your CPA or tax advisor, and provide the details of this company's business activities, so they can prepare and file the proper forms for you and the company in a timely manner."

77.     Attached as **Exhibit 11** is a copy of the letter dated February 3, 2005.

**Leumi Bank account**

78.     Leumi Bank is an Israeli bank.

79.     In 2005, Fariba Cohen and Saeed Cohen met with a Leumi Bank employee at the Beverly Hills Hotel to open an account at the bank's Luxembourg branch.

80.     Fariba Cohen and Saeed Cohen opened a bank account with Leumi Bank (Luxembourg) with an account number ending in 6002 under the name of L&C Lighting Technology Ltd. with themselves as beneficial owners.

81.     Fariba Cohen understood that the Leumi Bank was a foreign bank when she opened the bank account.

82.     Fariba Cohen voluntarily signed the documents to open the Bank Luemi account with an account number ending in 6002.

83.     Fariba Cohen was aware that on or about the time the Bank Leumi account with an account number ending in 6002 was opened it had an account balance of between $1,300,000 and $1,500,000.

84.     Fariba Cohen signed a hold mail request with respect to the Bank Luemi account with an account number ending in 6002.

85.     Fariba Cohen signed a document instructing Bank Leumi not to send her any communications, email or faxes.

**Fariba Cohen's income tax return failed to report foreign accounts**

86.     For tax year 2008, Fariba Cohen filed a joint U.S. Individual Income Tax Return (Form 1040) with Saeed Cohen.

87.     For tax year 2008, Fariba Cohen's income tax return included Schedule B – Interest and Ordinary Dividends.

88.     Part III of Schedule B contained the following text:

You must complete this part if you (a) had over $1,500 of taxable interest or ordinary dividends; or (b) had a foreign account; or (c) received a distribution from, or were a grantor of, or a transferor to, a foreign trust.

89.     Attached as **Exhibit 12** is a copy of a blank Schedules A & B for tax year 2008.

90.     Fariba Cohen had multiple foreign accounts in 2008, so she was required to complete Part III of Schedule B.

91.     Line 7a of Part III of Schedule B contained the following text:

At any time during 2008, did you have an interest in or a signature or other authority over a financial account in a foreign country, such as a bank account, securities account, or other financial account? See page B-2 for exceptions and filing requirements for Form TD F 90-22.1.

92.     Page B-2 of the 2008 Instructions for Schedules A & B (Form 1040) contained the following text:

Line 7a

Check the "Yes" box on line 7a if … [a]t any time during 2008 you had an interest in or signature or other authority over a financial account in a foreign country (such as a bank account, securities account, or other financial account).

…

See Form TD F 90-22.1 to find out if you are considered to have an interest in or signature over a financial account in a foreign country (such as a bank account, securities account, or other financial account).  You can get Form TD F 90-22.1 by visiting the IRS website at www.irs.gov/pub/irs-pdf/f90211.pdf.

If you checked the "Yes" box on line 7a, file Form TD F 90-22.1 by June 30, 2009, with the Department of the Treasury at the address shown on that form.

93.     Attached as **Exhibit 13** is a copy of Page B-2 of the 2008 Instructions for Schedules A & B (Form 1040).

94.     During 2008, Fariba Cohen had an interest in or signature or other authority over a financial account in a foreign country.

95.     Fariba Cohen's income tax return for tax year 2008 checked "No" on Line 7a of Part III of Schedule B.

96.     On September 29, 2009, Fariba Cohen signed IRS e-file Signature Authorization (Form 8879) for tax year 2008.

97.     Attached as **Exhibit 14** is a copy of the Form 8879 signed by Fariba Cohen.

98.   Part 2 of Form 8879 contained the following text:

Under penalties of perjury, I declare that I have examined a copy of my electronic individual income tax return and accompanying schedules and statements for the tax year ending December 31, 2008, and to the best of my knowledge and belief, it is true, correct, and complete.

99.   Attached as **Exhibit 15** is a copy of a blank Form 8879 for tax year 2008 with instructions.

**Willfulness**

100.   To the extent that Fariba Cohen failed to read Line 7a, or review the FBAR form or its instructions, such failure amounted to a conscious effort to avoid learning about the reporting requirements.

101.   Fariba Cohen substantially underreported her income and tax liabilities for tax years 2003 through 2008.

102.   Fariba Cohen concealed her income and financial information from the IRS for tax year 2008.

103.   On June 30, 2009, Fariba Cohen willfully failed to file an FBAR with the IRS for tax year 2008.

**E. The amount of the FBAR penalty was proper**

104.   As of June 30, 2009, the Luemi Bank account with an account number ending in 6002 had a balance of $6,199,395, of which Fariba Cohen was entitled to $3,099,698 (50% of $6,199,395).

105.   Attached as **Exhibit 16** is a true and correct copy of the bank statement for Luemi Bank account with an account number ending in 6002 showing the balance on June 30, 2009.

106.   For tax year 2008, the FBAR report was due on June 30, 2009.  31 C.F.R. § 1010.306(c).  The statute of limitations for assessment of an FBAR penalty is six years

from the date of the violation.  31 U.S.C. § 5321(b)(1).  The statute of limitations on assessment for the FBAR penalty for tax year 2008 would have expired on June 30, 2015.

107.    On March 5, 2015, the Internal Revenue Service assessed an FBAR penalty in the amount of $1,549,849 (50% of $3,099,698) against Fariba Cohen for her willful failure to report her interest in a foreign financial account as required by 31 U.S.C. § 5314 for tax year 2008.

108.    Attached as **Exhibit 17** is a true and correct copy of Form 13448 Penalty Assessment Certification for tax year 2008.

109.    On March 5, 2015, notice and demand for payment was sent to Fariba Cohen for tax year 2008.

110.    Attached as **Exhibit 18** is a true and correct copy of the notice and demand for payment.

111.    Despite timely notice and demand for payment of the FBAR assessment, Fariba Cohen failed to pay the FBAR and late payment penalties assessed against her for tax year 2008.

112.    Interest and penalties have accrued on the assessed FBAR penalty for tax year 2008 as provided by law.

113.    As of September 27, 2016, the Fariba Cohen was liable to the United States for $1,719,865.32, which is comprised of the FBAR penalty, interest, and penalties for late payment under 31 U.S.C. § 3717(e)(2) for tax year 2008.

114.    Attached as **Exhibit 19** is a true and correct copy of the Case Balance Inquiry.

115.    The United States may bring suit to recover the FBAR penalty assessed under 31 U.S.C. § 5321(a) at any time before the end of the 2-year period beginning on the date the penalty was assessed.  31 U.S.C. § 5321(b)(2)(A).

116.    This action is brought within the two-year limitations period specified in 31 U.S.C. § 5321(b)(2)(A).

117.   The United States is entitled to judgment against Fariba Cohen in the amount of $1,719,865.32 as of September 27, 2016, plus all statutory accruals, including interest and penalties, plus costs and expenses.

### III. Relief Requested

WHEREFORE, the United States of America requests the following relief from the Court:

A.      Enter judgment in favor of the United States of America and against Fariba Ely Cohen in the amount of $1,719,865.32 as of September 27, 2016, plus all statutory accruals, including interest and penalties, plus costs and expenses;

B.      Grant the United States its costs incurred in bringing this action; and

C.      Order any further relief the Court deems just and appropriate.


                                        Respectfully submitted,

                                        EILEEN M. DECKER
                                        United States Attorney
                                        THOMAS D. COKER
                                        Assistant United States Attorney
                                        Chief, Tax Division


Dated: March 1, 2017                    /s/
                                        GAVIN GREENE
                                        Assistant United States Attorney
                                        Attorneys for the United States of America