NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
    Federal Building, Suite 7211
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-4600
    Facsimile: (213) 894-0115
    E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>    v.<br><br>Fariba Ely Cohen,<br><br>    Defendant. | Case No. CV 17-1652 MWF (JCx)<br><br>Government's Notice of Motion and Motion In Limine to: (1) Exclude the Testimony of Dr. Cheryl Arutt; and (2) Exclude Evidence of the Amount of the Penalty Assessed Against Defendant<br><br>Date:        September 21, 2020<br>Time:        11:00 a.m.<br>Courtroom:  5A<br>Location:    First Street Courthouse<br>                  350 West First Street<br>                  Los Angeles, California |

NOTICE OF MOTION

Please take notice, the United States of America, by and through its counsel of record hereby move to preclude Defendant from (1) calling Dr. Cheryl Arutt as a witness, or (2) discussing, arguing, presenting evidence, or eliciting testimony concerning the amount of the FBAR penalty.

Pursuant to the Court's Seventh Order Continuing Trial and Other

Dates, document number 69, the United States' motion in limine will be heard at the pre-trial conference at the date and time listed above, and an opposition, if any, is due August 24, 2020.[1]  This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on June 10, 2020.

## MEMORANDUM OF LAW

1. <u>Testimony of Dr. Cheryl Arutt should be excluded because she was not designated as an expert and Defendant did not provide an expert report within the time required by the Court's order</u>.

    During the year 2008, Defendant had signature authority for a foreign bank account with Leumi Bank – Luxembourg S.A. with an account number ending in 6002.  *See* Court's Order, document number 61, page 4.  For tax year 2008, Defendant was required to file a Report of Foreign Bank and Financial Accounts ("FBAR") on June 30, 2009.  *Id*. at 7.  She failed to do so.  *Id*.  The only dispute in this matter is whether Defendant's failure to timely file an FBAR disclosing her foreign accounts was willful.  *Id*. at 11.

    In support of her claim that she did not act willfully, Defendant has alleged that during her marriage to Saeed Cohen, he was in charge of all the financial affairs of the couple, and that Defendant was subjected to physical, mental, and emotional abuse by him during their marriage.  At trial, Defendant intends to call as a witness, Dr. Cheryl Arutt, a psychologist, to give an opinion that Defendant suffered violence and abuse during her marriage, and that Defendant was suffering from post-traumatic stress disorder ("PTSD") at the time Dr. Arutt examined her in 2013 during

---

[1] All references to document numbers refer to the ECF document numbers for this case, docket number CV 17-1652 MWF (JCx).

Defendant's divorce proceedings after she separated from Saeed Cohen in 2010. *See* document number 58, page 30. However, because Defendant has not previously disclosed Dr. Arutt as an expert witness as required by Federal Rules of Civil Procedure ("FRCP") 26(a)(2)(A) and (D), and has not disclosed an expert report as required by FRCP 26(a)(2)(B) the and the Court's Scheduling Order (document number 30), Dr. Arutt should be excluded as a witness in the case. Further, because Dr. Arutt's generalized testimony will not be helpful to the jury, Dr. Arutt's should be excluded under the *Daubert* standard. *See Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579, 597 (1993); *see also* Fed. R. Evid. 702.

On March 21, 2018, the Court entered its Order re Jury Trial, document number 30, which set August 13, 2018 as the deadline for initial expert disclosures, and February 8, 2019 as the expert discovery cut-off. Although other scheduling dates were extended, these dates were not. Defendant has not disclosed any experts and has not proffered any expert reports as required by the Court's scheduling order and Rule 26 of the Federal Rules of Civil Procedure. According to FRCP 26(a)(2)(D), with regard to the timing of expert disclosures, a party must make these disclosures at the time and sequence that the court orders. Moreover, in the case of retained experts, expert disclosure must be accompanied by a written report prepared and signed by the expert. *See* FRCP 26(a)(2)(B). Here, because Defendant has not disclosed Dr. Arutt as an expert and has not delivered a written report signed by Dr. Arutt, her testimony should be excluded.

Further, under the *Daubert* standard, testimony by Dr. Arutt will not be helpful to the jury and therefore should not presented. Presumably, Dr. Arutt would testify that in 2013 Defendant suffered from PTSD caused by abuse suffered during her marriage. This testimony, however, will not help

the jury decide whether Defendant was reckless or willfully blind with respect to her 2008 FBAR filing requirement. At best, this testimony is generalized and is neither specific to the 2008 timeframe nor is it specific as to Defendant's tax return and FBAR filing obligations. Generalized non-specific testimony will not aid the jury here. Further, Defendant is best able to describe how the circumstances of her marriage affected her ability to meet her filing obligations, and the jury is able to evaluate that evidence without the aid of expert testimony. For these reasons too, Dr. Arutt's testimony should be excluded.

2. <u>Evidence of the amount of the FBAR penalty should be excluded as it is not relevant to the issue of willfulness and including it will unfairly prejudice the jury</u>.

On March 5, 2015, the IRS assessed an FBAR penalty in the amount of $1,549,849 against Defendant for her willful failure to report her interest in a foreign financial account as required by 31 U.S.C. § 5314 for tax year 2008. *See* document number 61, page 8. The amount of the penalty is not in dispute and will not be an issue for the jury to decide. Accordingly, the amount of the penalty should be excluded from trial. Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Irrelevant evidence is not admissible. Fed. R. Evid. 402. The penalty amount is not relevant to the issue of willfulness.

Further, the amount of the penalty is substantial and may unfairly prejudice the jury or confuse the issue by suggesting that the amount of the penalty is relevant to the issue of willfulness. The penalty amount does not affect whether Defendant willfully (by recklessness or willful blindness)

4

failed to file a 2008 FBAR. Admitting any discussion of the penalty at trial will unfairly prejudice the government's case, and should be excluded under Federal Rule of Evidence 403. It is well settled that the trial court should exclude evidence that may cause the jury to improperly consider matters outside their charge. On this point, the Supreme Court has found that "[i]nformation regarding the consequences of a verdict is therefore irrelevant to the jury's task." *See Shannon v. United States*, 512 U.S. 573, 579 (1975). "Moreover," the Supreme Court observed, "providing jurors sentencing information invites them to ponder matters that are not within their province, distracts them from their factfinding responsibilities, and creates the strong possibility of confusion." *Id*. For this reason too, the penalty amount should be excluded.

## CONCLUSION

For the reasons set forth herein, the government's motion in limine should be granted and testimony of Dr. Arutt and evidence of the penalty amount should be excluded from trial.

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division

Dated: August 10, 2020          /s/
GAVIN L. GREENE / ROBERT F. CONTE
Assistant United States Attorneys
Attorneys for the United States of America