NICOLA T. HANNA
United States Attorney
THOMAS D. COKER
Assistant United States Attorney
Chief, Tax Division
ROBERT F. CONTE (Cal. Bar No. 157582)
Assistant United States Attorney
GAVIN L. GREENE (Cal. Bar No. 230807)
Assistant United States Attorney
     Federal Building, Suite 7211
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-4600
     Facsimile: (213) 894-0115
     E-mail: Gavin.Greene@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>       v.<br><br>Fariba Ely Cohen,<br><br>    Defendant. | Case No. CV 17-1652 MWF (JCx)<br><br>Joint Jury Instructions<br><br>Trial Date:<br>Time:       8:30 a.m.<br>Courtroom:  5A<br>Location:   First Street Courthouse<br>          350 West First Street<br>          Los Angeles, California |

1

# What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.    the sworn testimony of any witness;

2.    the exhibits that are admitted into evidence; and

3.    any facts to which the parties have agreed.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 1.9, page 11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## What Is Not Evidence

In reaching your verdict you may consider only the testimony and exhibits received in evidence.  The following things are not evidence and you may not consider them in deciding what the facts are:

1.      Questions, statements, objections, and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence.  Similarly, what the lawyers have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence.  If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2.      Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence.  In addition, some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3.      Anything you may have seen or heard when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 1.10, page 12.

## Direct and Circumstantial Evidence

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 1.12 (modified), page 14.

1

## Ruling on Objections

2      There are rules of evidence that control what can be received into

3  evidence.  When a lawyer asks a question or offers an exhibit into evidence

4  and a lawyer on the other side thinks that it is not permitted by the rules of

5  evidence, that lawyer may object.  If I overrule the objection, the question

6  may be answered or the exhibit received.  If I sustain the objection, the

7  question cannot be answered, and the exhibit cannot be received.  Whenever

8  I sustain an objection to a question, you must ignore the question and must

9  not guess what the answer might have been.

10      Sometimes I may order that evidence be stricken from the record and

11  that you disregard or ignore that evidence.  That means when you are

12  deciding the case, you must not consider the stricken evidence for any

13  purpose.

14  **Authority:**

15      Manual of Model Civil Jury Instructions (2017), 9th Cir. 1.13, page 15.

16

17

18

19

20

21

22

23

24

25

26

27

28

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable

the witnesses were, and how much weight you think their testimony deserves.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 1.14, page 16.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### Taking Notes during the Trial

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

## Introduction of the Parties

So that you will not be confused by some of the legal terminology I am about to use in instructing you on the law in this case, I want to tell each of you that I will refer to the Plaintiff, United States of America, as the United States or the Government. I will refer to the Defendant, Fariba Cohen, by name.

## 11. Impartiality

The fact that the United States of America is the Government, and that this suit involves the Internal Revenue Service, and the fact that Fariba Cohen is an individual must not enter into or affect your verdict.  All parties are equal before the law, and each should be given the same fair and equal treatment by you.  You are to decide the case solely and exclusively on the evidence alone, except that you shall be guided at all times in your deliberation by the law as I instruct you.

**Authority:**

*Bedford v. United States*, 39 A.F.T.R. 2d 77-1246 (E.D. Wis. 1976).

Manual of Model Civil Jury Instructions (2017), 9th Cir. 4.1 (modified), page 55.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Stipulations of Fact

The parties have agreed to certain facts. These facts will be placed in evidence at Exhibit ___.  You should therefore treat these facts as having been proved.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 2.2 (modified), page 28.

**Duty to Deliberate**

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.  You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.  Perform these duties fairly and impartially.  Do not allow personal likes or dislikes, sympathy, prejudice, fear, or public opinion to influence you.  You should also not be influenced by any person's race, color, religion, natural ancestry, or gender, sexual orientation, profession, occupation, celebrity, economic circumstances, or position in life or in the community.

It is your duty as jurors to consult with one another and to deliberate with one another with a view towards reaching an agreement if you can do so.  During your deliberations, you should not hesitate to reexamine your own views and change your opinion if you become persuaded that it is wrong.

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 3.1, page 46.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the court immediately.

13

**Authority:**

Manual of Model Civil Jury Instructions (2017), 9th Cir. 3.2, page 47.

1

**Communication With Court**

2      If it becomes necessary during your deliberations to communicate with

3   me, you may send a note through the clerk, signed by any one or more of you.

4   No member of the jury should ever attempt to communicate with me except

5   by a signed writing, and I will respond to the jury concerning the case only in

6   writing or here in open court.  If you send out a question, I will consult with

7   the lawyers before answering it, which takes some time.  You may continue

8   your deliberations while waiting for the answer to any question.  Remember

9   that you are not to tell anyone—including the court—how the jury stands,

10   numerically or otherwise, on any question submitted to you, until after you

11   have reached a unanimous verdict or have been discharged.

12   **Authority:**

13      Manual of Model Civil Jury Instructions (2017), 9th Cir. 3.3, page 48.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### Return Verdict

2       A verdict form has been prepared for you.  You must answer each
3   question unanimously.  After you have reached unanimous agreement on a
4   verdict, your foreperson should complete the verdict form according to your
5   deliberations, sign and date it, and advise the bailiff that you are ready to
6   return to the courtroom.

7   **Authority:**

8       Manual of Model Civil Jury Instructions (2017), 9th Cir. 3.5 (modified),
9   page 50.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### FBAR Filing Requirement

2       United States citizens and residents must annually submit a report to

3   the federal government if they have a financial interest in, or signature or

4   other authority over, a financial account in a foreign country. The report is

5   submitted by filing a Form TD F 90-22.1, commonly known as an "FBAR,"

6   which stands for a Foreign Bank and Financial Accounts Report.

7       If at any time during a calendar year a United States citizen or

8   resident has a financial interest in, or signature or other authority over, a

9   financial account in a foreign country with a balance exceeding $10,000, they

10  must file an FBAR with the Department of the Treasury by June 30 of the

11  following year.

12

13  **Authority:**

14      *United States v. Garrity*, 304 F.Supp.3d 267 (D. Conn. 2018).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17

### Willfulness

A person acts willfully if they (1) knew that their conduct violated the requirement to timely file an FBAR; or (2) recklessly disregarded a known or obvious risk that their conduct violated the requirement to file an FBAR. The word "willfully" as it is used here means acting in a way that is voluntary, conscious, or intentional, as opposed to accidental, negligent, or inadvertent. The term "willfulness" includes recklessness, as well as willful blindness. A person recklessly fails to comply with an IRS filing requirement when she (1) clearly ought to have known that (2) there was a grave risk that the filing requirement was not being met and (3) she was in a position to find out for certain very easily. Mere carelessness is not enough.

Willful blindness may be inferred where a defendant was subjectively aware of a high probability of the existence of a tax liability, and purposefully avoided learning the facts pointing to such liability.

**Authority:**

*United States v. Garrity*, 3:15-cv-243(MPS) (D. Conn. 2018), document number 176.

Order Re: Plaintiff's Motion for Summary Judgment [57], document number 61, pages 12, 14

*Bedrosian v. United States*, 912 F.3d 144, 153 (3d Cir. 2018)

*United States v. Williams*, 489 F. App'x. 655, 658-59 (4th Cir. 2012)

1    　　　The parties request that the Court adopt the proposed jury instructions
2    listed above.

3

4    　　　　　　　　　　　　　　Respectfully submitted,

5    　　　　　　　　　　　　　　NICOLA T. HANNA
　　　　　　　　　　　　　　　　United States Attorney
6    　　　　　　　　　　　　　　THOMAS D. COKER
　　　　　　　　　　　　　　　　Assistant United States Attorney
7    　　　　　　　　　　　　　　Chief, Tax Division

8

9    Dated: September  14, 2020      /s/
　　　　　　　　　　　　　　　　GAVIN GREENE
10   　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　Attorneys for the United States of America
11

12   　　　　　　　　　　　　　　HOLTZ, SLAVETT & DRABKIN, APLC

13

14   Dated:  September 4, 2020
15   　　　　　　　　　　　　　　GARY M. SLAVETT
　　　　　　　　　　　　　　　　Attorneys for Defendant Fariba Ely Cohen

16

17

18

19

20

21

22

23

24

25

26

27

28

19